UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEFFREY PETERS, Derivatively on Behalf of Nominal Defendant BLUE APRON HOLDINGS, INC., <br><br> Plaintiff, <br><br> v. <br><br> MATTHEW B. SALZBERG, BRADLEY DICKERSON, BENJAMIN C. SINGER, JULIE M.B. BRADLEY, TRACY BRITT COOL, KENNETH A. FOX, ROBERT P. GOODMAN, GARY R. HIRSHBERG, and BRIAN P. KELLEY, <br><br> Defendants, <br><br> and <br><br> BLUE APRON HOLDINGS, INC., <br><br> Nominal Defendant. | C.A. No. 1:20-cv-02627-NGG-PK |

### NOTICE AND [PROPOSED] ORDER VOLUNTARILY DISMISSING THE ACTION AS MOOT AND RETAINING JURISDICTION TO DETERMINE PLAINTIFF'S COUNSEL'S APPLICATION FOR AN AWARD OF ATTORNEYS' FEES & REIMBURSEMENT OF EXPENSES

PLEASE TAKE NOTICE that pursuant to Federal Rules of Civil Procedure 41(a) and 23.1, Plaintiff Jeffrey Peters ("Plaintiff") hereby voluntarily dismisses his claims on behalf of nominal defendant Blue Apron Holdings, Inc. ("Blue Apron") as set forth in this action without prejudice against defendants Matthew B. Salzberg, Bradley Dickerson, Benjamin C. Singer, Julie M.B. Bradley, Tracy Britt Cool, Kenneth A. Fox, Robert P. Goodman, Gary R. Hirshberg, and Brian P. Kelley (the "Individual Defendants," and together with Blue Apron, the "Defendants"). No compensation in any form has passed directly or indirectly from any of the defendants to

Plaintiff or Plaintiff's attorneys in this action, and no such promise to give any such compensation has been made. Plaintiff requests that the Court retain jurisdiction of this action solely for the purpose of adjudicating Plaintiff's counsel's anticipated application for an award of attorneys' fees and reimbursement of expenses (the "Fee and Expense Application") in connection with mooted claims asserted by Plaintiff in the action.

**IT IS HEREBY ORDERED THAT:**

1. The action is dismissed, and all claims asserted by Plaintiff therein are dismissed without prejudice.

2. Notice of the voluntary dismissal to shareholders pursuant to Rule 23.1(c) of the Federal Rules of Civil Procedure is not required here because: (i) there has been no settlement or compromise of the action; (ii) there has been no collusion among the parties; (iii) neither Plaintiff nor his counsel have received or will receive directly or indirectly any consideration from defendants for the dismissal; and (iv) the dismissal is without prejudice.

3. The Court retains jurisdiction of this action solely for the purpose of adjudicating Plaintiff's counsel's anticipated Fee and Expense Application in connection with mooted claims asserted by Plaintiff in the action.

4. Plaintiff's counsel will seek to meet and confer with Defendants' counsel, and to present the Court with a schedule for briefing on Plaintiff's Fee and Expense Application, or inform the Court of any agreement otherwise.

5. This Order is entered without prejudice to any position, claim or defense any party may assert with respect to the Fee and Expense Application or any matter related thereto.

Dated: June 16, 2021                                   **LIFSHITZ LAW FIRM, P.C.**

/s/ Joshua M. Lifshitz
Joshua M. Lifshitz

Email: jml@jlclasslaw.com
1190 Broadway
Hewlett, New York 11557
Telephone: (516) 493-9780
Facsimile: (516) 280-7376

*Attorneys for Plaintiff*

IT IS SO ORDERED this _____ day of _____, 2021.

_____
Honorable Nicholas G. Garaufis
United States District Court Judge